IN THE MATTER OF THE APPLICATION OF THE ATTORNEY-GENERAL, APPELLANT, *v.* THE NORTH AMERICA LIFE INSURANCE COMPANY, RESPONDENT.

*Registered policy act — chapter 902 of 1869 — proceeds of securities to be paid to receiver.*

Where the securities deposited with the superintendent of the insurance department under the registered policy act, chapter 902 of 1869, have been sold, as provided in section eight thereof, it is the duty of the superintendent to immediately pay over the proceeds thereof to the receiver of the company.

APPEAL from an order made at Special Term, directing a peremptory mandamus to issue to Hon. John F. Smyth, superintendent of the insurance department, commanding him to pay over to Henry R. Pierson, as receiver of the North America Life Insurance Company, the sum of about one hundred thousand dollars ($100,000), held by the said superintendent under the laws of the State, as the proceeds of the sale or conversion of securities in the hands of the superintendent, under chapter 902 of the Laws of 1869, as security for the policyholders in said company, and also directing that any further sums that may be received by the superintendent be paid to said receiver in like manner.

*A. Schoonmaker, Jr.,* for the appellant.

*R. W. Peckham,* for the respondent.

*Per Curiam:*

We think that the court below properly construed the part of the statute which requires the superintendent to pay to the receiver the proceeds of the securities. It is not necessary to consider whether it may not be somewhat discretionary with the superintendent, the treasurer and the receiver to determine when the securities should be sold. But when that has been determined and the securities have been sold, then the statute is explicit. The proceeds are to be paid to the receiver. There is nothing in the statute which intimates that the superintendent is to retain the proceeds for any time after the securities have been sold, and there is no reason why he should do so.

One clause of the order appealed from directs the receiver, out of these proceeds, to pay the costs and expenses of this proceeding. No argument was made on this clause. But it should be stricken out. The statute states specifically how the receiver is to use the proceeds. There is no reason why the superintendent's costs should be paid therefrom. And nothing is shown rendering it necessary to make any specific charge of the receiver's costs and expenses. A general direction to pay the costs and expenses of this proceeding is too vague.

This clause should be stricken out. The order, as thus modified, is affirmed, with ten dollars costs, and printing disbursements to be paid by the appellant.

Present— LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, except as to part giving costs out of the fund which is stricken out, with ten dollars costs and printing disbursements.